UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Yi Tai Shao,<br><br>                Plaintiff,<br><br>v.<br><br>McManis Faulkner, LLP; James McManis;<br>Catherine Bechtel; Michael Reedy,<br><br>                Defendants. | Case No.: 14-CV-01137-LHK<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS |

Defendants McManis Faulkner, LLP and McManis Faulkner attorneys James McManis, Catherine Bechtel, and Michael Reedy (collectively, "Defendants") bring this motion to dismiss the Complaint. *See* ECF No. 17 ("Mot."); ECF No. 1 ("Complaint"). Having reviewed the parties' submissions, the record in this case, and the relevant law, the Court GRANTS Defendants' Motion to Dismiss.

**I.      BACKGROUND**

This case arises out of a divorce case involving Plaintiff Yi Tai Shao a/k/a Linda Yi Tai Shao ("Plaintiff"). Plaintiff, who is an attorney and who represents herself in the instant case, alleges that she hired the McManis Faulkner law firm to represent her in divorce proceedings. Complaint ¶¶ 5, 13. Plaintiff states that McManis Faulkner initially proposed a retainer amount of $25,000 and $725 per hour for James McManis' time, but because Plaintiff wanted to be charged no more than $425 per hour for attorney James McManis' involvement, McManis Faulkner

1

1  proposed a retainer of $50,000. Complaint ¶ 13. The Complaint further asserts that "[i]n view of
2  the state judge's apparent bias and prejudice against [Plaintiff], coupled with the imminent need for
3  going overseas, [Plaintiff] could not but agree to $50,000 retainer and obtain a loan from her
4  friend, with the expectations that quality services may be provided to deal with the injustice of
5  August 2010s' [sic] orders and the renowned firm may help her to vacate the AUGUST 2010
6  ORDERS and get her custody back." *Id*.

Plaintiff alleges five state law claims: discrimination under Cal. Civ. Code § 51.5, breach of fiduciary duty, unconscionable contract, breach of contract, and fraud. Plaintiff alleges one federal claim: discrimination in violation of 32 U.S.C. § 1981 (hereafter "§ 1981 claim"). *See* Complaint ¶¶ 30-61. Plaintiff's § 1981 claim—on which this order will focus—is based only on the fact that Defendants required Plaintiff to provide a $50,000 retainer. Specifically, the Complaint asserts that "Defendants unlawfully discriminated [sic] Shao on the basis of her race, national origin, or language disability in [sic] creation of [sic] contractual relationship and further lasted for 7-8 months by requiring disproportionate extra high evergreen retainer in the amount of $50,000." Complaint ¶ 31. The Complaint alleges numerous other facts in support of her state law claims, including, *inter alia*, that McManis Faulkner attorneys and the judge in Plaintiff's case colluded against her, that McManis Faulkner did not disclose to Plaintiff that it "sponsor[s] judicial seats," that McManis Faulkner overcharged Plaintiff, and that McManis Faulkner attorneys disclosed privileged information to third parties. *See, e.g.*, Complaint ¶ 40.

Plaintiff filed the Complaint on March 11, 2014. *See* Complaint. On May 23, 2014, Defendants filed the instant Motion to Dismiss the Complaint. *See* Mot. Over two months later,[1] on July 31, 2014, Plaintiff filed an opposition. *See* ECF No. 22 ("Opp."). No reply was filed.[2]

---

[1] Also on July 31, 2014, Plaintiff filed an Administrative Motion to Enlarge Time to File Opposition. *See* ECF No. 21. Plaintiff's Motion to Enlarge Time claims that Defendants failed to properly serve their Motion to Dismiss on Plaintiff, causing Plaintiff's delay in responding to Defendants' motion. *Id*. Defendants oppose Plaintiff's Motion to Enlarge Time and request that the Court grant Defendants' Motion to Dismiss for failure to timely respond. *See* ECF No. 26. Plaintiff then filed a "Notice of Errata on her Administrative Motion to Enlarge Time for Opposition and Motion for Sanction," which, while unclear, appears to discuss the email address attached to Plaintiff's ECF account. *See* ECF No. 29. Defendants responded to this filing as well, interpreting Plaintiff's Notice of Errata as indicating that Plaintiff "failed to properly register and/or update her email address with the CM/ECF system." ECF No. 30 at 1. While the Court does not in any way excuse Plaintiff's tardy filing of her opposition, the Court GRANTS Plaintiff's Motion to Enlarge

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure

---

Time to File Opposition and considers Plaintiff's opposition brief. However, to the extent Plaintiff moves for sanctions against Defendants, Plaintiff's motion is DENIED. Plaintiff did not file the motion for sanctions separately as required by Civ. L.R. 7-8(a). In addition, the Court finds no basis whatsoever for sanctioning Defendants.
[2] Plaintiff also filed a Motion to Disqualify Judge Lucy H. Koh and the Entire District. ECF No. 33. That motion is DENIED. There is no sufficient basis for recusal.

3
Case No.: 14-CV-01137-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

### A. Plaintiff's § 1981 Claim

Defendants move to dismiss all six of Plaintiff's claims because the claims are barred by the statute of limitations. The court first addresses Plaintiff's sole federal claim—Plaintiff's § 1981 claim. The parties do not dispute that Plaintiff retained McManis Faulkner on August 20, 2010. *See* Complaint ¶ 28; Mot. at 9-10; Opp. at 2. According to the Complaint, Plaintiff's discrimination allegation under § 1981 is based only on McManis Faulkner's requirement that Plaintiff provide a retainer of $50,000 to hire McManis Faulkner. Complaint ¶ 31. Therefore, the statute of limitations began to run on August 20, 2010, when Plaintiff hired McManis Faulkner.[3]

Determining the appropriate statute of limitations length is more complex. Defendants argue that the statute of limitations for Plaintiff's § 1981 claim is two years. Plaintiff, however, contends that the statute of limitations is four years. Plaintiff filed the Complaint on March 11, 2014. Consequently, if the applicable statute of limitations is two years, the Court must grant Defendants' motion, but if the applicable statute of limitations is four years, Plaintiff's § 1981 claim survives.

Some brief background is necessary to determine whether the applicable statute of limitations is two years or four years. Section 1981 traces its origins to the Civil Rights Act of 1866. The portion of the Civil Rights Act of 1866 which exists today in § 1981 states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

---

[3] Plaintiff briefly argues in her opposition that the statute of limitations began to run on March 15, 2011, when McManis Faulkner ceased representing Plaintiff in her divorce case. However, Plaintiff's only allegation of discriminatory conduct is McManis' allegedly discriminatory imposition of an excessively large retainer, which occurred on August 20, 2010. Moreover, the dispute over whether the statute of limitations began to run on August 20, 2010 or March 15, 2011 is immaterial to the outcome of the instant motion.

4

Case No.: 14-CV-01137-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

42 U.S.C. § 1981(a). As to the statute of limitations applicable to § 1981, the U.S. Supreme Court in 1987 held that "[b]ecause § 1981, like §§ 1982 and 1983, does not contain a statute of limitations, federal courts should select the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987). *Goodman* also held that a state's personal injury statute is most analogous to § 1981, so under *Goodman*, state courts had to apply a state's statute of limitations for personal injury suits to § 1981 claims. *Id*. at 661-62.

In 1990, Congress passed legislation (codified at 28 U.S.C. § 1658) providing for a statute of limitations of four years for "civil action[s] arising under an Act of Congress after [December 1, 1990] . . . ." 28 U.S.C. § 1658 (hereafter "§ 1658") ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues."). Because § 1981 was enacted well before 1990, this new legislation did not initially affect § 1981's statute of limitations. However, soon afterward, Congress passed the Civil Rights Act of 1991, which amended § 1981 to define "make and enforce contracts" as "includ[ing] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Faced with the question of whether the 1991 amendments to § 1981 cause § 1658's four year statute of limitations to apply to § 1981, the Supreme Court held in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's 4-year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." 541 U.S. at 382 (quoting 28 U.S.C. § 1658). Therefore, § 1658's four year statute of limitations applies to § 1981 if a plaintiff's § 1981 claim was made possible only by the 1991 amendment. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1006 (9th Cir. 2011). As a corollary, a state's statute of limitations for personal injury claims (two years in California, *see* Cal. Civ. Proc. Code § 335.1) applies to § 1981 if a plaintiff would have a proper § 1981 claim before the 1991 amendment expanded § 1981's scope. *Id*.

The Court must thus determine whether Plaintiff's § 1981 discrimination claim arises under the pre-1991 version of § 1981 or whether Plaintiff's claim arises under the Civil Rights Act of

5

1991's expansion of § 1981. Under the pre-1991 version of § 1981, "the statutory right 'to make . . . contracts' did not protect against post-contract formation conduct, and the right 'to . . . enforce contracts' did not extend beyond conduct by an employer which impairs an employee's ability to enforce through legal process his or her established contract rights." *Johnson*, 653 F.3d at 1006. The amended version of § 1981 explicitly "includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). However, § 1981's statutory right "to make . . . contracts" has always applied "to the formation of a contract"—both before and after the 1991 amendment of § 1981. *Patterson v. McLean Credit Union*, 491 U.S. 164, 176 (1989).

The Court now turns to the facts of this case to determine whether Plaintiff's claim falls under the pre- or post-1991 version of § 1981. Plaintiff's § 1981 claim is based on McManis Faulkner's requirement of a $50,000 retainer. Complaint ¶ 31. Accordingly, Plaintiff's § 1981 claim involves conduct related to the formation of the contract between Plaintiff and McManis Faulkner for McManis Faulkner to represent Plaintiff in her divorce proceedings. As outlined above, claims related to conduct in contract formation arise under § 1981's statutory right "to make . . . contracts," which was not affected by the 1991 amendment. *See Johnson*, 653 F.3d at 1006; *Patterson*, 491 U.S. at 176. Consequently, under *Johnson* and Cal. Civ. Proc. Code § 335.1, the statute of limitations applicable to Plaintiff's § 1981 claim is two years. Because Plaintiff's § 1981 claim's statute of limitations began to run on August 20, 2010 and Plaintiff filed the Complaint on March 11, 2014, Plaintiff's § 1981 claim is barred by the statute of limitations. Moreover, as the statute of limitations bars Plaintiff's claim, leave to amend would be futile. *Hralima v. Prison Health Servs.*, 446 F. App'x 880 (9th Cir. 2011) (finding leave to amend futile when plaintiff's § 1983 claim was barred by the statute of limitations). The Court therefore GRANTS Defendants' Motion to Dismiss Plaintiff's § 1981 claim with prejudice.

### B. Remaining State Law Claims

Because the parties in this case are non-diverse, *see* Complaint ¶¶ 4, 6, the now-dismissed § 1981 claim provides the sole basis for federal subject matter jurisdiction in this case. While a federal court may exercise supplemental jurisdiction over state law claims "that are so related to

claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3); *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 937-38 (9th Cir. 2003) (holding that Section 1367(c) grants federal courts the discretion to dismiss state law claims when all federal claims have been dismissed). A court, in considering whether to retain supplemental jurisdiction, should consider factors such as "economy, convenience, fairness, and comity," *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted). However, "in the usual case in which all federal[ ]law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

Here, the balance of factors weighs in favor of dismissing Plaintiffs' remaining state law claims. This case has yet to proceed beyond the pleadings, and thus few judicial resources are wasted by dismissing the case at this stage. Further, dismissal promotes comity by allowing the California courts to interpret state law concerning the state law claims in the first instance. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law claims in Plaintiffs' Complaint. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (stating that, after dismissal of all federal claims in an action, "it is generally preferable for a district court to remand the remaining pendent claims to state court"). The Court thus GRANTS Defendants' Motion to Dismiss the remaining state law claims as against all defendants without prejudice to Plaintiff filing her state law claims in state court.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's § 1981 claim with prejudice and Plaintiff's state law claims without prejudice to Plaintiff filing her state law claims in state court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 22, 2014

_____
LUCY H. KOH
United States District Judge

8
Case No.: 14-CV-01137-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS